*Ex parte* WILLIAM STRATTON.

January Term, 1866.

The act of November 16th, 1863,† prescribing an oath for officers of the State of West Virginia, is not unconstitutional.

*William Stratton*, of *Logan* county, applied to this court for a writ of peremptory mandamus to the judge of the 8th circuit to compel him to allow the applicant to qualify as clerk of the circuit court of that county, without taking the oath prescribed for officers by the act of November 16, 1863; alleging that he had been duly elected to that office. The rule *nisi* was waived, and the question was heard upon the construction of the statute at the same term the application was made.

*J. H. Ferguson*, for petitioner.
*William Ware Peck*, for the State.

BERKSHIRE, President: This is a petition of William Stratton for a mandamus to the judge of the 8th circuit to compel him to allow the said Stratton to qualify as clerk of the circuit court of Logan county, (to which office he claims to have been duly elected by the voters of said county,) without taking the oath prescribed by the act of the 16th of

---

*He was absent on account of sickness, and the remaining judges called *N. Harrison*, judge of the IX circuit, to the bench.

November, 1863, known as the "test oath." The said Stratton claims that this act, in so far as it requires this oath of loyalty, is unconstitutional and void, and that he has a right to qualify and discharge the duties of the office without taking it.

The very delicate and important question, therefore, is presented, whether or not the legislature transcended its legitimate powers in passing the act under consideration, in so far as it requires this *test oath* from the officers of the State. Unlike the general government, the legislatures of the several States possess all the legislative powers of state, except so far as they are withheld or restricted by the fundamental law of each, whereas the Congress of the United States can exercise no powers except such as are expressly granted by the constitution of the United States, and such incidental and implied powers as are proper and necessary to carry into effect the powers so expressly granted. In other words, in order to ascertain what powers belong to Congress, we must look to the constitution of the United States to see what are *granted*, while on the other hand we look to the constitutions of the States to ascertain not what powers are *given*, but what are *withheld*, and what restrictions and limitations are imposed by their provisions.

Our legislature possessing all the legislative power of the State, it follows that it was competent for it to pass the act prescribing the test oath in question, unless such power is *excluded* by the *terms* of the constitution, requiring the officers of the State to take an oath to support the constitution of the United States and of this State, or by clear and necessary *implication*.

Now in the absence of this supposed restriction, the power of the legislature to pass the act in question, I presume, would not be seriously questioned, and it would seem equally clear, that this provision was not intended to impose upon the legislature any other restriction than a prohibition to pass any law dispensing with these oaths and allowing a person elected or appointed to be inducted into office without taking them, but does not, as I think, *prohibit* it from

passing an act requiring a party elected or appointed to an office to take, for instance, an oath of office or any others deemed proper and necessary. The provision does not in terms impose any such restrictions, and it does not, as it seems to me, result by clear and inevitable implication, and when it is remembered that we are not at liberty to declare an act unconstitutional in a doubtful case, I think we should not be warranted in so holding in the present case upon merely remote and obscure implication.

The provision, in my judgment, is not retrospective nor *ex post facto*. No one having a natural or inalienable *right* to an office, it follows that all who seek it must accept the office with all the restrictions and conditions imposed by law. For the reasons, thus briefly and imperfectly expressed, I am of opinion to deny the writ of peremptory mandamus.

The other judges concurred with the President.

WRIT DENIED.